UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RODERICK D. WOODS,

                              Plaintiff,

          -against-                                        1:14-CV-0079 (LEK/ATB)

MARGOLIS, PRITZKER, EPSTEIN AND
BLATT, P.C.,

                              Defendant.
_____

## MEMORANDUM-DECISION and ORDER

## I.     INTRODUCTION

Plaintiff Roderick D. Woods ("Plaintiff") alleges violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., by Defendant Margolis, Pritzker, Epstein and

Blatt, P.C. ("Defendant").  Dkt. Nos. 1; 11 ("Amended Complaint").  Presently before the Court is

Defendant's Motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(2).  Dkt. No. 9 ("Motion").[1]  Plaintiff has filed a Response in opposition to the

Motion, and Defendant submitted a Reply.  Dkt. Nos.13 ("Response"); 14 ("Reply").  For the

following reasons, Defendant's Motion to dismiss is granted, and this case is transferred to the

United States District Court, District of Maryland.

_____

[1] Plaintiff's Amended Complaint was filed subsequent to Defendant's Motion to dismiss.
See Docket.  "Typically, the filing of an amended complaint following the filing of a motion to
dismiss the initial complaint moots the motion to dismiss."  Brown v. Napoli, No. 07-CV-838, 2008
WL 4507590, at *2 (W.D.N.Y Sept. 29, 2008) (citing Haywood v. Republic Tobacco, Co., L.P., No.
05-CV-842A, 2007 WL 1063004, at *2 (W.D.N.Y. Apr. 6, 2007)).  However, because the Amended
Complaint in this case contains allegations which are virtually identical to those contained in the
original Complaint, the Motion is deemed to address the Amended Complaint "in order to minimize
the likelihood of duplicative motion practice."  Howard v. Rosales, No. 12 CIV. 5263, 2014 WL
969683, at *1 (S.D.N.Y. Mar. 12, 2014).

## II.    BACKGROUND[2]

Plaintiff is a resident of Ulster County, New York.  Am. Compl. ¶ 3.  Defendant is a law

firm organized under the laws of, and with its principal place of business located in, Maryland.  Id.

¶ 10.  Defendant is engaged in the business of collecting debts by mail and telephone.  Id. ¶ 11.

In August 2012, Defendant began writing and calling Plaintiff in an effort to collect a debt

owed by Plaintiff to "Barclay's Bank."  Id. ¶ 14.  Plaintiff disputes that he ever owed the account.

Id.  Defendant's written correspondence to Plaintiff was mailed to a Washington, D.C. address but

was subsequently forwarded and received by Plaintiff in New York.  Id. ¶ 16.  On January 26, 2013,

Plaintiff received a phone call and voicemail from Defendant's agent through Plaintiff's Google

Voice number, which was forwarded to Plaintiff's cell phone and received in New York.  Id.  ¶¶ 17-

19.  The voicemail failed to identify Defendant's agent as a debt collector or that any information

obtained would be used in an attempt to collect a debt.  Id. ¶ 19.  Plaintiff received several other

similar phone calls and voicemails in New York through his Google Voice number.  Id. ¶ 20.

On May 7, 2013, Plaintiff was sued by Defendant in the Superior Court for the District of

Columbia.  Id. ¶ 21.  Plaintiff received notice of the lawsuit in New York in late 2013.  Id. ¶ 22.

The Superior Court dismissed Defendant's lawsuit.  Id.

On June 10, 2014, Plaintiff filed his Amended Complaint alleging numerous violations of

the FDCPA.  See id. ¶¶ 29-54.  For a complete statement of Plaintiff's claims, reference is made to

the Amended Complaint.

---

[2] In deciding a motion to dismiss, the allegations of the Complaint are accepted as true and form the basis of this section.  See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor").

### III.    LEGAL STANDARD

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to

Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has

jurisdiction over the defendant.  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d

Cir. 1996).  Where a court relies only upon the pleadings and supporting affidavits, a plaintiff need

only make a *prima facie* showing of personal jurisdiction over a defendant.  Cutco Indus., Inc. v.

Naughton, 806 F.2d 361, 364 (2d Cir. 1986); Grand River Enters. Six Nations, Ltd. v. Pryor, 425

F.3d 158, 165 (2d Cir. 2005).

"A prima facie showing of jurisdiction 'does not mean that plaintiff must show only some

evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if

true, are sufficient in themselves to establish jurisdiction.'"  Tamam v. Fransabank Sal, 677 F. Supp.

2d 720, 725 (S.D.N.Y. 2010) (citation omitted).  While a court should assume the truth of all well-

pleaded factual allegations that support a finding of personal jurisdiction, Ball v. Metallurgie

Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), it should "not draw 'argumentative

inferences' in the plaintiff's favor," Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507

(2d Cir. 1994) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir.

1992)).

### IV.    DISCUSSION

#### A. Personal Jurisdiction

In determining whether the Court may exercise personal jurisdiction over Defendant, the

Court must engage in a two-part inquiry.  "First, it must determine whether the plaintiff has shown

that the defendant is amenable to service of process under the forum state's laws; and second, it

must assess whether the court's assertion of jurisdiction under these laws comports with the

requirements of due process." Metro. Life Ins., 84 F.3d at 567; Bensusan Rest. Corp. v. King, 126

F.3d 25, 27 (2d Cir. 1997).  New York law provides two bases for personal jurisdiction: (1) New

York Civil Practice Law and Rules ("C.P.L.R.") § 301, which authorizes general jurisdiction, and

(2) N.Y. C.P.L.R. § 302(a), which authorizes long-arm jurisdiction.  Plaintiff argues that the Court

may exercise personal jurisdiction over Defendant pursuant to C.P.L.R. § 302(a)(1).  Resp. at 2.

    C.P.L.R. § 302(a)(1) provides for jurisdiction over an out-of-state domiciliary, "who in

person or through an agent . . . transacts any business within the state or contracts anywhere to

supply goods or services in the state."  In order to find that a party "transacts business" within New

York under § 302(a)(1), the party must have "purposefully availed [himself] of the privilege of

conducting activities within New York and thereby invoked the benefits and protections of its

laws." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999)

(quotation omitted).  However, "contacts through telephone calls, the mail, and by facsimile"—the

type of contacts Defendant had with New York—are generally insufficient to establish that a party

has transacted business "within New York." Kahn Lucas Lancaster, Inc. v. Lark Int'l, Ltd., 956 F.

Supp. 1131, 1135 (S.D.N.Y. 1997); see also Maranga v. Vira, 386 F. Supp. 2d 299, 306 (S.D.N.Y.

2005).  Such contacts are only sufficient "if they were related to some transaction that had its center

of gravity inside New York." Maranga, 386 F. Supp. 2d at 306.

    In the instant case, "the center of gravity" is not located inside New York since Defendant

attempted to collect a debt exclusively within the Washington, D.C. area.  While Plaintiff received

written correspondence from Defendant in New York, the mail had been forwarded from a

Washington, D.C. address.  Moreover, the phone calls and voicemails Plaintiff received from

Defendant's agents were not made to a New York phone number.  Defendant's agents were

contacting a phone number with a Washington, D.C. area code and the calls were forwarded by

Google Voice.  Furthermore, with respect to the notice of lawsuit Plaintiff received, the action was

filed in the Superior Court for the District of Columbia, and there is nothing to indicate that the case

was tied to New York.

Plaintiff nonetheless argues that the requirements of § 302(a)(1) are met because "collecting

debts from New York residents constitutes transacting business in New York."  Resp. at 2.  In

support, Plaintiff relies on Cannon v. Kelly, No. 08-CV-6297T, 2009 WL 1158695, at *1

(W.D.N.Y. Apr. 28, 2009).  However, Cannon is distinguishable from this case because in Cannon,

the out-of-state defendant conceded that it made loans to the plaintiff in New York. Id. at *2.  In

contrast, here, there is no allegation, let alone a concession, that the debt at issue originated in or is

even connected to New York.  Therefore, Plaintiff's reliance on Cannon is misplaced.

Ultimately, Plaintiff has provided no authority—and the Court is aware of none—that

forwarding out-of-state mail and/or phone calls constitutes a "business transaction" in New York.[3]

Plaintiff has therefore failed to meet his burden of making a *prima facie* showing of personal

jurisdiction over Defendant in New York.

**B. Transfer**

Plaintiff requests that if the Court finds that it lacks personal jurisdiction over Defendant,

---

[3] Plaintiff cites a number of additional cases in support of exercising long-arm jurisdiction here.  See Resp. at 3 (citing Vlach v. Yaple, 670 F. Supp. 2d 644, 646 (N.D. Ohio 2009); Patterson v. Latimer Levay Jurasek LLC, No. 09-CV-0567, 2009 WL 1862427, at *1 (S.D. Cal. June 29, 2009); Maloon v. Schwartz, Zweban & Slingbaum, L.L.P., 399 F. Supp. 2d 1108, 1113 (D. Haw. 2005); Culver v. JBC Leg. Group, P.C., No. 04-CV-389, 2005 WL 5621875, at *1 (E.D.N.C. June 28, 2005); Paradise v. Robinson and Hoover, 883 F. Supp. 521, 524 (D. Nev. 1995)).  However, none of these cases concerned the New York long-arm statute, and thus are inapplicable to this case.

that the action be transferred to the U.S. District Court, District of Maryland pursuant to 28 U.S.C.

§ 1406(a).  Resp. at 4.  Under 28 U.S.C. § 1406(a), a district court where venue is improper may

either dismiss, or "in the interest of justice," transfer the action to any district "in which it could

have been brought."  "Whether dismissal or transfer is appropriate lies within the sound discretion

of the district court."  Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).  A district

court has the power to transfer an action to another district court even if it lacks personal jurisdiction

over the defendant.  Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 112 (2d Cir. 2001) (citing

Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962) and Corke v. Sameiet M.S. Song of Nor., 572

F.2d 77, 80 (2d Cir. 1978)).

While there is no definitive test in the Second Circuit for when a district court should

transfer rather than dismiss an action, it is well established that a "compelling reason for transfer is

generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in

the proper forum."  Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005)

(quotation omitted); Corke, 572 F.2d at 80.  Here, Plaintiff argues that many of his claims would be

barred if he were required to refile.  Resp. at 4.  The Court agrees, as "claims brought under the

FDCPA must be filed within one year from the date the alleged violation occurred," Umoh v.

Marks, No. 09-CV-838, 2010 WL 2651939, at *3 (N.D.N.Y. June 25, 2010), and the allegations in

Plaintiff's Amended Complaint concern events which occurred at the latest in 2013, see Am.

Compl. ¶¶ 17-22.  Therefore, Plaintiff's claims would be barred if he were required to refile.

Moreover, it appears that this action "could have been brought" in the U.S. District Court,

District of Maryland because Defendant's business is organized under the laws of Maryland and its

principal place of business is located in that state.  While the Court takes no position on the merits

of Plaintiff's claims, it finds that Plaintiff has met the criteria to warrant transfer under 28 U.S.C.

§ 1406(a).

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 9) to dismiss for lack of personal

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court **TRANSFER** this case to the U.S. District Court,

District of Maryland; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and

Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      March 31, 2015
            Albany, NY

Lawrence E. Kahn
U.S. District Judge